An order may be drawn overruling the motion in its entirety.

**ARMSTRONG, Admr., Plaintiff, v. BRUFACH et, Defendants.**

Common Pleas Court, Hamilton County.

No. A-121575. Decided November 1, 1950.

Charles J. Armstrong, Administrator with the Will annexed of the estate of Elizabeth Brufach.

## OPINION

By WEBER, J.:

This is a suit to determine whether the order of the Probate Court is valid which admitted to probate the Will of Elizabeth Brufach, and appointing the plaintiff, Charles J. Armstrong, administrator with the Will annexed of said estate.

The plaintiff claims that doubt has arisen as to the validity of said order for the reason that John Brufach, being a non-resident of the state of Ohio, and known to be such, was not notified of the application for probate and the appointment of an administrator.

In the case of **Young et al, v. Guella, 67 Oh Ap 11,** the court held that the Common Pleas Court has jurisdiction to determine such a question.

"2. The fact that a person aggrieved by such order could obtain relief in the Probate Court by virtue of statutory provisions, does not preclude such person from recourse to a court of general equity jurisdiction, by original action, to have such order declared to be void.

"3. The grant of a limited equity jurisdiction to the Probate Court, under the provisions of §§10501-53 and 10501-17 GC, does not oust the Court of Common Pleas from its original equity jurisdiction to declare void the judgments and orders of the Probate Court for lack of jurisdiction."

It is admitted that no notice was served upon said surviving spouse of the decedent.

In the case of **Scholl v. Scholl et al, 123 Oh St 1,** the court held:

"1. The requirement of §10507 GC, that upon an application for the probate of a will notice shall be given to the widow or husband and next of kin of the testator resident of the state, is mandatory and jurisdictional."

The court was interpreting **§10507 GC,** which later became **§10504-17 GC,** which reads as follows:

"No will shall be admitted to probate without notice to the widow or husband and next of kin of the testator, if any, resident in the state, in such manner and for such time as the probate court directs or approves."

This section was amended, effective September 29, 1945, to read as follows:

"No will shall be admitted to probate without notice to the surviving spouse and to the persons known to be residents of the state who shall be entitled to inherit from the testator under the statute of descent and distribution * * *."

This amendment makes no change in the requirement that notice be given to those "known to be residents of this state."

Sec. 10509-3 GC, which provides to whom administration of the estate of an intestate may be granted, reads, in part, as follows:

"To the surviving spouse, if resident of the state."

The language of the statute would seem to bear no other construction than that given to it in syllabus 1 of the case of Scholl v. Scholl et al, supra, namely, that notice is required only to heirs who are residents of the state and there appears to be no reason that the legislature intended otherwise.

It is therefore ordered, adjudged and decreed that the order of the Probate Court admitting the Will of Elizabeth Brufach to probate, and appointing Charles J. Armstrong administrator with the Will annexed of said estate, is valid.

Please prepare an entry accordingly.